IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ECONOVA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DPS UTAH, COLLIER GROUP, and KEVIN E. COLLIER,<br><br>　　　　　Defendants. | **ORDER and**<br>**MEMORANDUM DECISION**<br><br>Case No. 1:12-cv-174<br><br>Judge Tena Campbell |

　　　　In this patent infringement suit, Plaintiff EcoNova, Inc. (EcoNova) filed an emergency motion for injunctive relief against Defendants DPS Utah, Collier Group, and Kevin E. Collier (collectively, DPS or Defendants).  On November 28, 2012, the court issued a Preliminary Injunction Order (Docket No. 98) in which it found two claims were likely to be infringed.

　　　　Defendants have now filed a Motion for Reconsideration of the Preliminary Injunction Order (Docket No. 107) under Rule 59(e).  For the reasons set forth below, Defendants' Motion for Reconsideration is DENIED.

　　　　Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion.  See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).  The Tenth Circuit recognizes only certain grounds for granting such a motion, including those cases where movants can show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling

law." Servants of the Paraclete, 204 F.3d at 1012.  A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling." Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001) (quotations & citations omitted), aff'd 35 Fed. Appx. 1 (D.C. Cir. Mar. 1, 2002).  Further, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court—'[p]arties are not free to relitigate issues that the Court has already decided.'" United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (quoting Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).

Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the court, or tries to take a second bite at the apple.  See, e.g., National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court"); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (motions for reconsideration under Rule 59(e) which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent . . . were properly rejected by District Court"); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised").

In their motion for reconsideration, Defendants do not present new evidence or argue that

controlling law has changed. Instead, they re-emphasize and enlarge upon various arguments they have already presented to the court, claiming that the court misunderstood the facts and misapplied the law. But the court has carefully considered those arguments, and it does not find those arguments persuasive. There is no reason to believe there has been clear error or manifest injustice that compels a change in the court's prior ruling. To the extent Defendants disagree with the court's decision, such a matter is for the Federal Circuit Court of Appeals.

For the foregoing reasons and for the reasons set forth in the court's November 28, 2012 Order and Memorandum, Defendants' Motion for Reconsideration of the Preliminary Injunction Order (Docket No. 107) is DENIED.

SO ORDERED this 7th day of January, 2013.

BY THE COURT:

TENA CAMPBELL
Chief Judge